**John L. DAILEY, Respondent,**

v.

**Barbara WIBORG, et al., Appellants.**

**No. C7–84–1686.**

Court of Appeals of Minnesota.

May 7, 1985.

Steven F. Mattaini, Sahr, Kunert & Tambornino, Minneapolis, for appellants.

Michael A. Stern, Fredrickson & Byron, P.A., Minneapolis, for respondent.

Heard, considered, and decided by CRIPPEN, P.J., and PARKER and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

This is an appeal taken from an order denying a motion for a new trial based upon a claim that the jury's award was excessive. We affirm.

## FACTS

This is a personal injury action arising out of an automobile accident. At the time of the accident, plaintiff John Dailey, a 26-year old paramedic, was an active diver and coached diving part time at a local school.

Dailey required surgery—a posterior wiring of the fifth and sixth vertabrae. He now suffers 15% permanent disability of the cervical spine, ongoing headaches and neck pains. Because of these injuries, he has curtailed or modified many of his daily activities.

Dailey filed suit against Barbara and Donald Wiborg and Marvin Melander. The jury, by special verdict, awarded him $366,500 in damages and apportioned fault as follows: Dailey—0%, Wiborgs—40%, Melander—60%.

The Wiborgs moved for a new trial solely on the issue of damages, claiming that the verdict was not supported by the evidence and that the verdict was excessive due to passion and prejudice. The trial court denied the motion and this appeal followed.

## ISSUE

Did the trial court abuse its discretion in denying the motion for a new trial based upon a claim that (a) the verdict was not supported by the evidence, and (b) the verdict was excessive due to passion and prejudice?

## ANALYSIS

■ A trial court is granted the broadest possible discretion in determining whether a new trial should be granted for excessive damages. *Bisbee v. Ruppert*, 306 Minn. 39, 47, 235 N.W.2d 364, 370 (1975).

■ The Wiborgs contend that the jury's award of $366,500 is excessive and not supported by the evidence. On appeal from a denial of a motion for a new trial, the evidence must be viewed in the light most favorable to the verdict. The verdict should stand unless manifestly and palpably contrary to the evidence. *Stuempges v. Parke, Davis and Company*, 297 N.W.2d 252, 256 (Minn.1980).

■ Viewing the evidence in a light most favorable to the prevailing party, the record supports the jury's award. Dailey was an active 26-year old at the time of the accident. He was employed full time as a paramedic and part time as a diving coach. He was also an active diver. As a result of the accident, he suffers headaches three to four times a week and neck pains which will probably increase with age. He was forced to give up diving and has difficulty engaging in any sports or doing anything which involves extensive lifting. Also, because of the accident, he could no longer adequately perform his duties as a par-

amedic and accepted employment which does not require any lifting. He was also forced to curtail his coaching because he could no longer teach through demonstration.

Moreover, Dailey's counsel suggested in closing argument a rational basis upon which the jury could award at least $75,000 for future loss of earnings, $45,000 for past pain and suffering, and $235,000 for future pain, disability, and emotional distress over the next 47 years. No objection was made by the Wiborgs to this closing argument, nor have they shown that any specific figure is lacking in evidentiary support or is otherwise improper.

The trial court stated in its memorandum accompanying its denial of the motion for a new trial:

> This court finds no basis on which to grant a new trial strictly on the issue of damages * * *. Both [parties'] expert witnesses agreed on the permanency of plaintiff's [Dailey's] injuries. Further, there was sufficient testimony concerning headaches and neck pains * * * the possibility of future surgery and/or arthritis, the necessity of changing employment, and the degree [plaintiff] either curtailed or modified his daily activities from which the jury could award the damages it did.

In view of the injuries and damages suffered as a result of the accident, we cannot say that the jury's award is manifestly and palpably contrary to the evidence. There is evidence which reasonably tends to support the award. *See Cafferty v. Monson*, 360 N.W.2d 414, 417 (Minn.Ct.App.1985) (the verdict should stand against a claim of excessiveness if there is evidence which reasonably tends to support it). *See also, Verhel v. Independent School District No. 709*, 359 N.W.2d 579, 591 (Minn.1984) (the test for setting aside a verdict as excessive is whether it shocks the conscience).

■ The Wiborgs also claim that the verdict is the product of passion and prejudice. Their sole argument is that passion and prejudice can be inferred from the size of the verdict. The Wiborgs did not allege in

their post-trial motion, nor have they alleged on appeal, that the trial court committed any error of law during the trial, that counsel committed any misconduct, that any event or circumstance occurred at trial which could have created passion or prejudice against the Wiborgs, or that the jury acted "improperly" with respect to any of its other answers to the special verdict questions. Under this posture, the trial court was correct in denying the motion for a new trial.

## DECISION

The trial court did not abuse its discretion in denying the motion for a new trial.

Respondent's motion for attorney's fees and damages is denied.

Affirmed.